LITTLE
ROCK,
Jan'y 1837.

GEORGE
*vs.*
THE STATE

GEORGE *against* THE STATE.

ERROR to the *City Court of Little Rock.*

In this case the same motion was made and the same opinion and judgment given as in the case last preceding.

TAYLOR *against* THE GOVERNOR.

APPLICATION for a *Mandamus.*

The Supreme Court has the power to issue writs of *mandamus.* The party applying for this writ must show that he has a specific legal right, and no other adequate specific legal remedy.

A collector or holder of public moneys who was in default for moneys collected at the time of the adoption of the Constitution, at the time of his election to another or the same office, and at the time of his application for his commission, is not entitled to his commission.

A collector or holder of public moneys who was in default to the Territory at the adoption of the Constitution, became in law and by the schedule to the Constitution a defaulter to the State, and all his liability is transferred to the State.

No person had any natural, legal, or vested right to the office of Sheriff till it was created by the Constitution.

The right to the office is given upon the express condition that the party demanding it is neither a holder or collector of public money which he has failed to account for and pay over, and for which he is liable.

That condition not having been complied with, no legal, constitutional, or natural right to the office vests by an election to it. Therefore the clause in the Constitution cannot be retrospective in this case.

An *ex post facto* law declares an offence to be punishable in a manner that it was not punishable at the time it was committed, and relates exclusively to criminal proceedings.

The provision in the State Constitution that no holder or collector of the public money shall be eligible to any office of trust or profit till he has paid over and accounted, &c., is not repugnant to or in violation of the Constitution of the United States.

LACY, *Judge,* delivered the opinion of the Court: This case as it stands at present on the record is a motion supported by a petition, affidavit, and other exhibits filed with the clerk, requiring the Governor of the State to show cause why a peremptory mandamus should not issue directing him to deliver to *John K. Taylor,* his commission as Sheriff for the county of Pulaski.